# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Marc Amouri Bakambia,

        Plaintiff,

v.

Stephen Craane, M.D; Tim Walz, Minn.
Governor; Luke DeHaan, Physical Therapist;
Louis Shicker, M.D; Carol Lu, M.D; Jay
Julius Bauder, M.D; Genet Ghebre, N.P.;
Michael Koeplin, Surgeon; Kevin Jonassen,
Minn. Assist. Attorney General; Paul P.
Schnell, Commissioner of Corrections;
Michelle L. Smith, D.O.C. Deputy Comm.;
Nanette M. Larson; Guy Bosch, Warden at
MCF-Stillwater; Victor Wanchena, Ass.
Warden of Admin. at MCF-STE; Marisa
Williams, Ass. Warden of Admin. at MCF-
STW; James Amsterdam, D.O.C. M.D.; Tina
Sneen, Ass. Dir. Of Nursing; Kathryn Reid,
Dir. of Clinical Operations; Lynn Noll, R.N.;
Monica Arons, R.N.; Tammy Lisowy,
Therapist; Amber Swanson, R.N.; John
DeMay, R.N.; Sara Hard, R.N.; Lori Lewis,
R.N.; Rick Raven, Mail Room Lieutenant at
MCF-Stillwater; Leigh McCoy, Mail Room
Staff; Nikki Candor, R.N.; Cheryl Cole, R.N.;
Dan Moen, Program Director; Steve
Renstrom, Case Worker; Susan Norton, MCF-
Stillwater Paralegal; Margaret Zadra,
Ombudsperson for Corrections; and Christian
Dobratz, Ass. Omubds for Corrections, in
their individual and official capacities,

        Defendants.

Case No. 22-cv-2922 (PJS/ECW)

**REPORT AND RECOMMENDATION
AND ORDER**

---

Plaintiff Marc Amouri Bakambia filed this pro se civil rights action under 42 U.S.C. § 1983 on November 16, 2022.  (*See* Dkt. 1.)  Bakambia did not pay the filing fee; instead, he filed an application to proceed *in forma pauperis* ("IFP").  (Dkt. 4.)  This Court calculated Bakambia's initial partial filing fee pursuant to 28 U.S.C. § 1915(b) and warned him that the original complaint appeared to include unrelated claims for relief contrary to Rule 20(a)(2) of the Federal Rules of Civil Procedure.  (Dkt. 5.)  Bakambia subsequently paid the initial partial filing fee (Dkt. 8), and filed a Motion for His First Amended Complaint (Dkt. 10), Proposed Amended Complaint (Dkt. 11), Brief in Support of Motion to Amend (Dkt. 12), Affidavit in Support of Exhibit to Amended Complaint (Dkt. 13), and Exhibit to Amended Complaint (Dkt. 14) in January 2023.  On March 24, 2023, Bakambia filed a letter to the Court, in which he states his intent to "contact the D.O.J to request their representation"; that he will be notifying the Court if he experiences "interference by prison officials and defendants" with his mail; that there have been "ongoing violations" as well as "mistreatments and retaliation"; and provides additional facts relating to his medical claims.  (Dkt. 15 at 1-5.)  This letter does not request any relief from the Court.

Bakambia's Motion for His First Amended Complaint (Dkt. 10) and IFP application (Dkt. 4) are now before the Court for review pursuant to 28 U.S.C. § 1915A(a).  Based on that review and for the reasons outlined below, this Court grants Plaintiff's IFP application, but recommends that claims against Defendants Jennifer Stevens, Education; Rick Raven, Mail Room Lieutenant at the Minnesota Correctional Facility-Stillwater ("MCF-Stillwater"); and Leigh McCoy, Mail Room Staff be dismissed

2

from the First Amended Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

## I.   INTRODUCTION

Bakambia's First Amended Complaint is approximately 60 pages long and contains a list of grievances mostly concerning the quality of the medical care he has received at MCF-Stillwater and his efforts to access records related to that care. (Dkt. 11.) The Court defers summarizing those claims for another day. The focus of this Recommendation concerns the claims **unrelated** to Bakambia's medical care—namely, Bakambia's claims against Defendant Stevens in her official and individual capacities and his claim that he cannot use his "code" to purchase a specific type of envelope. The Court summarizes the factual basis of these claims in its discussion of them below and recommends that they be dismissed for failure to state a claim as a matter of law. 28 U.S.C. § 1915A(b)(1).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss a prisoner's complaint, or any portion of the complaint, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief

above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Further, the complaint must "state a claim to relief that is plausible on its face." *Id.* at

570. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although pro se complaints, such as this one, are entitled to a liberal construction,

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts

in support of the claims they advance. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.

1985).

## III.   ANALYSIS

As a preliminary matter, the Court first addresses Bakambia's Motion for His First

Amended Complaint. (Dkt. 10.) Parties may amend their pleadings in accordance with

Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15. Pursuant to that

Rule, a party may amend its pleading "once as a matter of course" within "21 days after

serving it." Fed. R. Civ. P. 15(a)(1)(A). Bakambia's complaint has not yet been served

because the Court has not completed its preservice review obligations under 28

U.S.C. § 1915A(a). Accordingly, Bakambia's First Amended Complaint plainly meets

the 21-day timeline as outlined in Rule 15(a)(1)(A). The First Amended Complaint (Dkt.

11), therefore, is the operative pleading without any further order of the Court. Plaintiff's

Motion for His First Amended Complaint (Dkt. 10), is therefore denied as moot. The

Clerk is directed to refile the document labeled "Plaintiff's First Amended Complaint for

Violation of Civil Rights Under 42 U.S.C. § 1983 & 42 U.S.C. §§ 12102-12213" (Dkt. 11), as the First Amended Complaint.

Having established that Plaintiff's First Amended Complaint is the operative pleading, the Court now turns to its substance.

As noted above, the vast majority of the Defendants identified in the First Amended Complaint relate to Bakambia's claims challenging the constitutionality of the medical care he has received at MCF-Stillwater and his efforts to access his records related to that care: Stephen Craane, MD; Luke DeHaan, PT; Louis Shicker, MD; Carol Lu, MD; Jay J. Buader, MD; Genet Ghebre, NP; Surgeon Michael Koeplin; Paul Schnell, Commissioner of Corrections, Nanette M. Larson; Guy Bosch, Warden at MCF-STW; Victor Wanchena, Ass. Warden of Admin. at MCF-STW; Marisa Williams, Ass. Warden of Admin. at MCF-STW; James Amsterdam, MD; Tina Sneen, Ass. Dir. of Nursing; Kathryn Reid, RN; Amber Swanson, RN; John DeMay, RN; Sara Hard, RN; Nikki Candor, RN; Cheryl Cole, RN; Dan Moe, Ass. Warden of Admin.; Steve Renstrom, Case Worker; and Susan Norton, MCF-STW Paralegal.[1]

The two notable exceptions are Bakambia's claims against Defendant Jennifer Stevens, Education and his claim alleging he could not use his "code" to purchase a specific type of envelope.  (*Id.* at ¶¶ 18, 162-169, 181, 183, 208.)

---

[1]      This Court is not prepared to say that Bakambia has stated a claim on which relief may be granted against all these Defendants, only that he has plead sufficient facts that these claims may survive screening under § 1915A(a).  Nothing in this Recommendation precludes Defendants from seeking dismissal of any claim or any other aspect of the amended complaint, whether for failure to state a claim or for any other reason.

**A.      Claims against Defendant Stevens**

First, regarding Defendant Stevens, Bakambia claims that he is being denied educational programming in retaliation for filing lawsuits against the Defendants.  (Dkt. 11 ¶¶ 163, 183.)  According to Bakambia, he first tried to enroll in college at either "Ashland" or "Metro" at the end of 2020, but Stevens told him there were no open spots.  (*Id.* ¶ 163.)  Plaintiff claims that he applied again to "Ashland" in 2021 and received a letter in response saying that his name was selected from the lottery, but his application was not submitted.  (*Id.*)  Plaintiff contends that Defendant Stevens again told him to wait until the following year to reapply and then she sat down with him and helped him complete the application for "Ashland" and the paperwork for the Pell Grant in October 2022.  (*Id.* ¶¶ 163-164.)  Shortly thereafter, however, Bakambia claims that Stevens told him that his name was on a list of names of inmates who did not qualify for this program because he had more than 10 years left to serve on his sentence.  (*Id.* ¶ 164.)  Bakambia claims that Stevens advised him to appeal the decision to "Ashland," but he contends that he cannot appeal a decision when he has not received a denial letter from "Ashland" directly.  (*Id.*)  Bakambia also claims that he confronted the Education Director about this list of names, but the Education Director reportedly had no idea what he was talking about.  (*Id.* ¶ 165.)

Bakambia alleges that he then sent a kite to Defendant Stevens requesting information under the Minnesota Government Data Practices Act ("MGDPA"), including the list of inmates who purportedly were not eligible to participate in post-secondary schooling because they had more than 10 years left to serve on their sentence.  (*Id.*

¶ 166.)  Bakambia contends that Defendant Stevens responded on December 28, 2022, refusing to provide a copy of the list, and claiming that "Ashland" is responsible for establishing eligibility criteria.  (*Id.* ¶ 168.)  Bakambia further claims that Stevens then told him that he should apply in fall 2023 to enroll in classes in the spring of 2024 because by then he will have less than 10 years left to serve on his sentence.  (*Id.* ¶ 169.) Bakambia contends, however, that when he has less than 10 years remaining on his sentence, he will be eligible to be transferred to a minimum-security prison and, if transferred, he would not be able to attend "Ashland."  (*Id.*)

Bakambia's two claims against Defendant Stevens for retaliating against him in violation of the First Amendment and violating the MGDPA are addressed, in turn, below.

### 1.      First Amendment Retaliation Claims

To establish a First Amendment retaliation claim under 42 U.S.C § 1983, the plaintiff must show "(1) he engaged in a protected activity; (2) the government took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity."  *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2002)).  "The defendant's retaliatory motive must be a but-for cause of the retaliation; a plaintiff cannot recover if the defendant would have taken the same adverse action even in the absence of the improper motive."  *Gearin v. City of Maplewood*, 780 F. Supp. 2d 843, 856 (D. Minn. 2011) (citing *Osborne v. Grussing*, 477 F.3d 1002, 1006 (8th Cir. 2007)).

Here, Bakambia claims that Stevens denied him educational programming through Ashland in retaliation for him filing lawsuits against the Defendants.  The filing of an inmate lawsuit is a protected First Amendment activity.  *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (citing *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994)).  Bakambia, however, has not alleged any facts suggesting that being denied educational programming through Ashland had anything to do with him filing previous lawsuits against the Defendants.  Even assuming that Stevens or anyone else at MCF-Stillwater, rather than Ashland, made the final determination about whether an inmate was accepted into Ashland's program, Bakambia only makes a conclusory allegation that he was being denied a spot at Ashland in "retaliation" for his "previous lawsuits."

The Court is aware that under some circumstances, "very close" temporal proximity between knowledge of a protected activity and the alleged adverse action may be sufficient to support motivation.  *See Taylor v. Bailey*, 494 F. App'x 674, 675 (8th Cir. 2012) (citing *Smith v. Fairview Ridges Hosp.*, 625 F.3d 1076, 1087-88 (8th Cir. 2010).  Here, the previous lawsuits identified by Bakambia are *Bakambia v. Schnell*, Case No. 20-cv-1434 (NEB/DTS) (D. Minn.), and *Bakambia v. Schnell*, Case No. 20-cv-1433 (PAM/TNL) (D. Minn.).  (Dkt. 11 at ¶¶ A, 15.)  Those lawsuits were filed on June 22, 2020, and the alleged denials of educational programming occurred "by the end of 2020," sometime in 2021, and in October and November 2022.  (*Id.* ¶¶ 163-169.)  The Court concludes that the several-month gap between the filing of Bakambia's previous lawsuits and the first instance of alleged retaliation is not close enough to plausibly allege that any denial of educational programming was motivated by the earlier lawsuits.  *See Smith v.*

8

*Fairview Ridges Hosp.*, 625 F.3d 1076, 1087-88 (8th Cir. 2010) ("Here, the temporal proximity between Smith's complaints of discrimination, EEOC filing, and her receipt of the NCAs is tenuous at best, as the shortest interval between any of them is approximately one month.  Absent any additional evidence of causation, we conclude that Smith has failed to establish this element of her prima facie case of retaliation.") (collecting cases finding in employment context that two weeks and a "matter of weeks" may be sufficient to support causation, but two months was insufficient), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011).  *Cf. Taylor*, 494 F. App'x at 675 (finding 6-day period between protected activity and alleged adverse action sufficient to state a claim).  Moreover, Bakambia suggests that Stevens is responsible for the denials (Dkt. 11 ¶¶ 163-169), but she was not a defendant in those earlier lawsuits and he has not alleged that Stevens even knew about his previous lawsuits.  Bakambia has not identified any event in his previous lawsuits that would trigger any retaliatory conduct.  In sum, without any other factual allegations from which the Court can reasonably infer the previous lawsuits motivated the denial of any educational programs, Bakambia's allegations are insufficient to state a claim for retaliation against Stevens or anyone else.  *See Iqbal*, 556 U.S. at 678 (in determining whether a complaint establishes a cause of action, the court need not accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements"). The Court recommends dismissal without prejudice of Bakambia's claim against Stevens for retaliation.[2]

### 2. Minnesota Government Data Practices Act Claims

As to Defendant Stevens, this leaves Bakambia's claim for failing to comply with the MGDPA.

The MGDPA regulates "the collection, creation, storage, maintenance, dissemination, and access to government data in government entities." Minn. Stat. § 13.01, subd. 3. Bakambia contends that Stevens "willfully refused to comply with the MGDPA," by refusing to provide him with the list of names of people who did not qualify for college. (Dkt. 11 ¶ 208.) Pursuant to Minn. Stat. § 13.08, subd. 1, however, only the "responsible authority or government entity" is liable for violating the MGDPA. "Claims under the MGDPA cannot be brought against individuals." *Evenstad v. Herberg*, 944 F. Supp. 2d 995, 1005 (D. Minn. 2014). Thus, claims against Stevens in her individual capacity for allegedly failing to comply with the MGDPA fail as a matter of law.

Although Bakambia also sues Stevens in her official capacity for violating the

---

[2]   The Court notes, moreover, that "[p]risoners have no constitutional right to educational or vocational opportunities during incarceration." *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992). However, "if the state provides educational or vocational opportunities to its prisoners, it cannot deny equal access to such services to all prisoners absent a rational basis." *Id.* "To prove an equal protection violation, [plaintiff] [must] show that he was treated differently from similarly situated inmates . . . and that there was no rational basis related to a legitimate state purpose for the unequal treatment." *Id.* Here, Bakambia alleges no facts suggesting that he was treated differently from similarly situated inmates. Accordingly, even if the Court construed Bakambia's claim as alleging he was denied equal access to educational opportunities, such a claim would also fail.

MGDPA, this claim similarly fails. A suit against Stevens in her official capacity is treated as a suit against her employer, the State of Minnesota. *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968-69 (8th Cir. 2000). The Eleventh Amendment of the United States Constitution, however, bars citizens from suing states in federal court absent an express waiver of immunity. *See Santee Sioux Tribe of Neb. v. State of Neb.*, 121 F.3d 427, 430 (8th Cir. 1997). "The text of whether a state has waived its immunity . . . is a stringent one. A state is deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Id.* The waiver must be "clear and unequivocal." *Id.* at 831. Courts in this District have determined that the State of Minnesota has not waived its immunity to suit under the MGDPA. *E.g.*, *Evenstad*, 944 F. Supp. 2d at 1006. Accordingly, Bakambia's claim against Stevens in her official capacity for allegedly violating the MGDPA for failing to provide him with a copy of the list of inmates who were not accepted into "Ashland" likewise fails as a matter of law.

**B.   Envelope Claims**

Second, Bakambia alleges that he has not been able to purchase envelopes necessary for his litigation because prison officials have deactivated the required "code." (Dkt. 11 ¶¶ 162, 181.)

As a threshold matter, the Court notes that none of the Defendants identified in the First Amended Complaint appear to relate to this claim. For example, Bakambia does not specify who allegedly "purposefully deactivated the code for the manuscript envelopes

from canteen orders in order to prevent plaintiff and other inmates to effectively litigate in court." (*Id* ¶ 181.)

In any event, to establish § 1983 liability against officials in their individual capacity, "the plaintiff must show that the official, acting under color of state law caused the deprivation of a federal right." *Handt v. Lynch*, 681 F.3d 939, 943 (8th Cir. 2012) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Put another way, it is not enough for a plaintiff seeking relief from a defendant in the defendant's individual capacity to allege that his rights were violated; the plaintiff must instead allege that his rights were violated **by the defendant**. Here, Bakambia fails to allege that any defendant violated his rights by refusing to allow him to purchase envelopes at the canteen or deactivating the required "code."[3]

---

[3]     To be sure, the Court recognizes that Plaintiff identifies Rick Raven and Leigh McCoy as defendants in his original complaint purportedly for their role in depriving Plaintiff of access to these specific envelopes. Yet, even if the Court reads the First Amended Complaint as though Bakambia also intended for these parties to be named as defendants, *see Kirr v. North Dakota Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (per curiam) (concluding that pro se plaintiff's amendments should have been read together as consisting of plaintiff's complaint); *see also Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pro se complaint must be liberally construed and plaintiff clearly intended for amended complaint to be read together with original complaint), Bakambia's individual capacity claims against these defendants would nevertheless fail because he does not establish any facts in either the First Amended Complaint or the original complaint to suggest that these defendants were personally involved in deactivating his "code" to purchase the envelopes, *see Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Further, because Bakambia fails to state a plausible "access-to-the-courts claim," *see infra*, any official capacity claims against these defendants would similarly fail.

More fatal to his claim, however, is that Bakambia has failed to allege sufficient facts to establish a plausible claim that he has been denied the ability to purchase these envelopes in violation of his constitutional rights. Bakambia asserts that since he cannot purchase these envelopes from the canteen, he cannot "effectively litigate in court." (Dkt. 11 ¶ 181.) The Court understands Bakambia as alleging a violation of his constitutional right to "access-to-the-courts."

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which *resulted in actual injury*, that is, the hinderance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007); *see also Berdella v. Delo*, 972 F.2d 204, 210 (8th Cir. 1992). Here, Bakambia does not allege— and the Court fails to see—how being denied the opportunity to purchase a specific type of envelope has harmed his ability to prosecute any litigation. Indeed, Bakambia does not appear to have been or be hindered in prosecuting this lawsuit. Accordingly, Bakambia's "access-to-the-courts" claim fails as a matter of law.[4]

---

[4]     The Court notes that even if the claims against Defendant Stevens and the "access-to-the-courts" claim did not fail as a matter of law, these claims are nevertheless improperly joined in this lawsuit. As Bakambia was previously warned (*see* Dkt. 5), Rule 20(a)(2) of the Federal Rules of Civil Procedure encapsulates the rule that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Bakambia's claims against Defendant Stevens relate to violations of the MGDPA and allegations that he was denied access to post-secondary educational programming because he filed previous lawsuits. These allegations against Stevens are wholly

One final housekeeping matter requires addressing.  The Court understands that Bakambia contacted the Court's chambers inquiring about the process to obtain an emergency injunction.  Bakambia is cautioned that even though he is proceeding pro se, he is nevertheless expected to comply with all relevant procedural rules, *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (quoting *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986)), including Rule 7 of the Federal Rules of Civil Procedure, which addresses how to request an order from the court, as well as this Court's Local Rules. Fed. R. Civ. P. 7(b); *see also* D. Minn. LR 7.1.

## IV.   RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The claims against Defendant Jennifer Stevens, Education, in her individual and official capacity for allegedly violating the Minnesota Government Data Practices Act be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1);

2. The claim against Defendant Jennifer Stevens, Education, in her individual and official capacity for allegedly retaliating against Plaintiff Marc Amouri Bakambia

---

unrelated to his claims against the remaining Defendants about the quality of his medical care and his efforts to obtain records about that care.  Bakambia's access-to-the-courts claim is similarly unrelated to his medical care and records claims.  Accordingly, pursuant to Rule 21 of the Federal Rules of Civil Procedure, even if dismissal of Bakambia's claims against Stevens and his MGDPA claims were inappropriate, the Court would recommend severance from this action in the alternative.

in violation of the First Amendment be **DISMISSED** for failure to state a claim

pursuant to 28 U.S.C. § 1915A(b)(1);

3.   Defendant Jennifer Stevens, Education be terminated from this action; and

4.   Plaintiff Marc Amouri Bakambia's access-to-the-courts claim be **DISMISSED** for

failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

## V.   ORDER

Further, based on the foregoing, and all of the files, records, and proceedings

herein **IT IS HEREBY ORDERED** that:

1.   Plaintiff Marc Amouri Bakambia's Motion for His First Amended Complaint

(Dkt. 10) is **DENIED as MOOT**.

2.   The Clerk is directed to refile the document labeled "Plaintiff's First Amended

Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 & 42 U.S.C.

§§ 12102-12213" (Dkt. 11) as the First Amended Complaint.

3.   The application to proceed *in forma pauperis* of Plaintiff Marc Amouri Bakambia

(Dkt. 4) is **GRANTED**.

4.   Plaintiff must submit a properly completed Marshal Service Form (Form USM-

285) for each remaining Defendant: Stephen Craane, M.D; Luke DeHaan, PT;

Louis Shicker, M.D; Carol Lu, M.D; Jay J. Bauder, M.D; Genet Ghebre, N.P.;

Surgeon Michael Koeplin; Paul Schnell, Commissioner of Corrections; Nanette

M. Larson; Guy Bosch, Warden at MCF-STW; Victor Wanchena, Ass. Warden of

Admin. at MCF-STW; Marisa Williams, Ass. Warden of Admin. at MCF-STW;

James Amsterdam, M.D; Tina Sneen, Ass. Dir. of Nursing; Kathryn Reid, RN;

Amber Swanson, R.N; John DeMay, R.N; Sara Hard, R.N; Nikki Candor, R.N; Cheryl Cole, RN; Dan Moe, Ass. Warden of Admin.; Steve Renstrom, Case Worker; and Susan Norton, MCF-STW Paralegal. If Plaintiff does not complete and return the Marshal Service Forms within 30 days of this order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Plaintiff by the Court.

5. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from the following Defendants in their personal capacities consistent with Rule 4(d) of the Federal Rules of Civil Procedure: Stephen Craane, M.D; Luke DeHaan, PT; Louis Shicker, M.D; Carol Lu, M.D; Jay J. Bauder, M.D; Genet Ghebre, N.P; Surgeon Michael Koeplin; Paul Schnell, Commissioner of Corrections; Nanette M. Larson; Guy Bosch, Warden at MCF-STW; Victor Wanchena, Ass. Warden of Admin. at MCF-STW; Marisa Williams, Ass. Warden of Admin. at MCF-STW; James Amsterdam, M.D; Tina Sneen, Ass. Dir. of Nursing; Kathryn Reid, RN; Amber Swanson, R.N; John DeMay, R.N; Sara Hard, R.N; Nikki Candor, R.N; Cheryl Cole, RN; Dan Moe, Ass. Warden of Admin.; Steve Renstrom, Case Worker; and Susan Norton, MCF-STW Paralegal.

6. If a Defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that Defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is

mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

7. The U.S. Marshals Service is directed to effect service of process on Stephen Craane, M.D; Luke DeHaan, PT; Louis Shicker, M.D; Carol Lu, M.D; Jay J. Bauder, M.D; Genet Ghebre, N.P; Surgeon Michael Koeplin; Paul Schnell, Commissioner of Corrections; Nanette M. Larson; Guy Bosch, Warden at MCF-STW; Victor Wanchena, Ass. Warden of Admin. at MCF-STW; Marisa Williams, Ass. Warden of Admin. at MCF-STW; James Amsterdam, M.D; Tina Sneen, Ass. Dir. of Nursing; Kathryn Reid, RN; Amber Swanson, R.N; John DeMay, R.N; Sara Hard, R.N; Nikki Candor, R.N; Cheryl Cole, RN; Dan Moe, Ass. Warden of Admin.; Steve Renstrom, Case Worker; and Susan Norton, MCF-STW Paralegal in their official capacities as agents of the State of Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

8. Plaintiff must pay the unpaid balance of $231.52 of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Dated: April 4, 2023                           *s/Elizabeth Cowan Wright*
                                               ELIZABETH COWAN WRIGHT
                                               United States Magistrate Judge