UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARC AMOURI BAKAMBIA, | Case No. 22-CV-2922 (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| STEPHEN CRAANE, M.D.; LUKE DEHAAN, PT; LOUIS SHICKER, M.D.; CAROL LU, M.D.; JAY J. BAUDER, M.D.; GENET GHEBRE, N.P.; SURGEON MICHAEL KOEPLIN; PAUL P. SCHNELL, Commissioner of Corrections; MICHELLE L. SMITH, Deputy Commissioner; NANETTE M. LARSON, Director of the Health Services Unit; GUY BOSCH, Warden at MCF-STW; VICTOR WANCHENA, Ass. Warden of Admin. at MCF-STE; MARISA WILLIAMS, Ass. Warden of Admin. at MCF-STW; JAMES AMSTERDAM, M.D.; TINA SNEEN, Ass. Dir. of Nursing; KATHRYN REID, R.N.; AMBER SWANSON, R.N.; JOHN DEMAY, R.N.; SARA HARD, R.N.; RICK RAVEN, Mail Room Lieutenant at MCF-Stillwater; LEIGH MCCOY, Mail Room Staff; NIKKI CANDOR, R.N.; CHERYL COLE, RN; DAN MOE, Ass. Warden of Admin.; STEVE RENSTROM, Case Worker; SUSAN NORTON, MCF-STW Paralegal; JENNIFER STEVENS, Education, in their individual and official capacities, | |
| Defendants. | |

Plaintiff Marc Bakambia, a prisoner incarcerated at MCF-Stillwater, brings this civil-rights action against numerous employees and officials of MCF-Stillwater and the Minnesota Department of Corrections ("DOC"). This matter is before the Court on Bakambia's objection to the April 4, 2023, Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright. Judge Wright recommends dismissing the following for failure to state a claim: (1) Bakambia's claims against Jennifer Stevens, Rick Raven, and Leigh McCoy, and (2) Bakambia's claim for denial of access to the courts insofar as that claim is based on his allegation that some unnamed defendant or defendants deactivated the code for the purchase of manuscript envelopes. *See* 28 U.S.C. § 1915A(b)(1). The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Bakambia's objection and adopts the R&R.

As the R&R noted, the bulk of Bakambia's 60-page complaint relates to various grievances about his medical care. The R&R did not address these claims, but instead focused on the claims for which it recommends dismissal. In his objection, Bakambia first appears to seek clarification of the status of certain claims. For example, he objects that the R&R did not address his allegation that defendant Steve Renstrom failed to contact the embassy of the Democratic Republic of the Congo. Bakambia also seems confused about whether the R&R recommends dismissal of *all* of his retaliation claims

(as opposed to just the retaliation claims alleged against Jennifer Stevens). For Bakambia's benefit, therefore, the Court clarifies that the only claims being dismissed are those specifically identified in the order section below.

With that clarification, the Court agrees with the R&R that Bakambia's allegations are insufficient to state any claims against Jennifer Stevens, Rick Raven, and Leigh McCoy, in either their individual or official capacities.[1] Only one matter merits comment:

Bakambia objects that the R&R erroneously identified Stevens as a state employee, contending that she is instead "a Special Aid teacher at DOC Education Department and under the payroll of the DOC." ECF No. 30 at 7. Bakambia does not provide any context for this argument, but presumably he means to object to the recommended dismissal, on sovereign-immunity grounds, of his official-capacity claim against Stevens for violations of the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. § 13.01 et seq. *See Montgomery v. City of Ames*, 829 F.3d 968, 973 (8th Cir. 2016) ("The Eleventh Amendment bars Montgomery's claims against the State and the Center, because the State and its agencies are immune from suits for

---

[1] Bakambia's amended complaint does not actually list either Rick Raven or Leigh McCoy as defendants. *See* ECF No. 18 at 1. They were named in Bakambia's original complaint, however, and as they are the only defendants plausibly associated with his claim concerning the denial of manuscript envelopes, the R&R analyzed this claim assuming that Bakambia had intended to name them as defendants.

damages."); *Greene v. Dayton*, 806 F.3d 1146, 1149 (8th Cir. 2015) ("the Eleventh Amendment bars our court from ordering state officials to conform their conduct to state law").

Bakambia's objection is meritless. State agencies, like the state itself, are protected by Eleventh Amendment immunity. *See Grant v. City of Blytheville*, 841 F.3d 767, 772 n.3 (8th Cir. 2016) ("ADWS, as an agency of the State of Arkansas, is entitled to sovereign immunity from Grant's claim"); *Johnson v. Mandac*, No. 16-CV-0268 (DWF/HB), 2016 WL 8188503, at *4 (D. Minn. Dec. 7, 2016) ("The Minnesota Department of Corrections is considered a state agency with Eleventh Amendment immunity."), *report and recommendation adopted*, 2017 WL 438734 (D. Minn. Feb. 1, 2017). The R&R therefore correctly concluded that Bakambia's MGDPA claim against Stevens in her official capacity is barred by sovereign immunity.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 16] is ADOPTED.

2. Plaintiff's objection [ECF No. 30] is OVERRULED.

3. All claims against defendants Jennifer Stevens, Rick Raven, and Leigh McCoy are DISMISSED WITHOUT PREJUDICE.

4. The claim for denial of access to the courts is DISMISSED WITHOUT PREJUDICE to the extent it is based on the alleged interference with plaintiff's ability to purchase manuscript envelopes.

Dated: May 16, 2023

    s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court