UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARC AMOURI BAKAMBIA, | Case No. 22-CV-2922 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| STEPHEN CRAANE, M.D.; LUKE DEHAAN, PT; LOUIS SHICKER, M.D.; CAROL LU, M.D.; JAY J. BAUDER, M.D.; GENET GHEBRE, N.P.; SURGEON MICHAEL KOEPLIN; PAUL P. SCHNELL, Commissioner of Corrections; MICHELLE L. SMITH, Deputy Commissioner; NANETTE M. LARSON, Director of the Health Services Unit; GUY BOSCH, Warden at MCF-STW; VICTOR WANCHENA, Ass. Warden of Admin. at MCF-STE; MARISA WILLIAMS, Ass. Warden of Admin. at MCF-STW; JAMES AMSTERDAM, M.D.; TINA SNEEN, Ass. Dir. of Nursing; KATHRYN REID, R.N.; AMBER SWANSON, R.N.; JOHN DEMAY, R.N.; SARA HARD, R.N.; NIKKI CANDOR, R.N.; CHERYL COLE, RN; DAN MOE, Ass. Warden of Admin.; STEVE RENSTROM, Case Worker; SUSAN NORTON, MCF-STW Paralegal, in their individual and official capacities, | |
| Defendants. | |

Plaintiff Marc Bakambia, a prisoner incarcerated at MCF-Stillwater, brings this action against numerous employees and officials of MCF-Stillwater and the Minnesota Department of Corrections ("DOC"). This matter is before the Court on a letter from

Bakambia, which the Court will treat as a motion, in which Bakambia seeks the recusal of Magistrate Judge David T. Schultz.  ECF No. 161.

Bakambia seeks recusal due to "continued prejudices and depriving me of access to Court and my Fourteenth Amendment."  *Id.* at 1.  Bakambia points to various actions, such as a limited filing restriction that Judge Schultz imposed on him and Judge Schultz's vacating of a pending Report and Recommendation ("R&R") to which Bakambia had objected, as evidence of bias and prejudice.

None of these actions are grounds for recusal.  As the Supreme Court has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted).

None of Judge Schultz's actions meet this demanding standard.  For example, courts commonly vacate their own orders in order to amend or correct their rulings. When a court does so, it simply means that the order no longer has any effect. Consequently, Judge Schultz's act of vacating the earlier R&R did not prejudice Bakambia in the least.  The previous R&R is now a nullity, Judge Schultz has issued a

new R&R, and Bakambia retains the right to object to the new R&R in accordance with applicable procedural rules.

Likewise, Bakambia's reference to Fed. R. Civ. P. 63 is mistaken. That rule applies when "a judge conducting a hearing or trial is unable to proceed." That is not the situation here. There has been no trial or other evidentiary hearing in this case, and Rule 63 is therefore inapplicable. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 857 (7th Cir. 2018) ("Rule 63 does not apply here. There was no evidentiary hearing on defendants' motion to dismiss this version of the complaint, and there was no trial.").

Finally, while Bakambia may take issue with Judge Schultz's filing restriction, in the Court's view, it is a reasonable one: it merely restricts Bakambia from filing, without prior permission, additional motions, amended complaints, or requests for relief, until there is a final ruling on the motions that are currently pending. ECF No. 132. Judge Schultz also expressly preserved Bakambia's right to object to Judge Schultz's orders and R&Rs. *Id.* While it is possible that an appellate court may someday agree with Bakambia that this restriction was improper, it is not evidence of a deep-seated antagonism that would require recusal. Bakambia's motion for recusal is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's motion for recusal [ECF No. 161] is DENIED.

Dated: January 22, 2024                    s/Patrick J. Schiltz
                                                        Patrick J. Schiltz, Chief Judge
                                                        United States District Court