UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARC AMOURI BAKAMBIA, | Case No. 22-CV-2922 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| STEPHEN CRAANE, M.D.; LUKE DEHAAN, PT; LOUIS SHICKER, M.D.; CAROL LU, M.D.; JAY J. BAUDER, M.D.; GENET GHEBRE, N.P.; SURGEON MICHAEL KOEPLIN; PAUL P. SCHNELL, Commissioner of Corrections; MICHELLE L. SMITH, Deputy Commissioner; NANETTE M. LARSON, Director of the Health Services Unit; GUY BOSCH, Warden at MCF-STW; VICTOR WANCHENA, Ass. Warden of Admin. at MCF-STE; MARISA WILLIAMS, Ass. Warden of Admin. at MCF-STW; JAMES AMSTERDAM, M.D.; TINA SNEEN, Ass. Dir. of Nursing; KATHRYN REID, R.N.; AMBER SWANSON, R.N.; JOHN DEMAY, R.N.; SARA HARD, R.N.; NIKKI CANDOR, R.N.; CHERYL COLE, RN; DAN MOE, Ass. Warden of Admin.; STEVE RENSTROM, Case Worker; SUSAN NORTON, MCF-STW Paralegal, in their individual and official capacities, | |
| Defendants. | |

This matter is before the Court on plaintiff Marc Bakambia's objection to the January 5, 2024, Order and Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz. Judge Schultz recommends (1) dismissing the complaint with

prejudice for failure to state a claim and (2) denying Bakambia's motion for class certification. Judge Schultz also issued an order (1) denying Bakambia's motion to appoint counsel, (2) denying Bakambia's motion to appoint an expert witness, (3) denying Bakambia's motion to amend, (4) denying Bakambia's motion for sanctions, and (5) denying Bakambia's motion for a temporary restraining order ("TRO"), preliminary injunction ("PI"), and order to show cause. The Court has conducted a de novo review.[1]  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Bakambia's objection, affirms the order, and adopts the R&R. Only a few matters merit comment.

Bakambia is a prisoner who seems to suffer from a lot of medical problems for which he has received a lot of treatment from a lot of medical professionals. In this lawsuit, Bakambia makes countless complaints about that treatment, indiscriminately spraying constitutional and statutory claims at defendants—even when a particular defendant had nothing whatsoever to do with a particular medical action (or inaction) about which Bakambia complains. Judge Schultz did yeoman's work in picking through Bakambia's lengthy complaint and addressing his numerous allegations.

For the most part, Bakambia's objections boil down to assertions that Judge Schultz either ignored or misinterpreted Bakambia's allegations and exhibits. That

---

[1] The Court has also received and reviewed the exhibits filed on February 9, 2024. See ECF No. 177.

notion is belied, however, by the thorough and careful nature of the R&R, which scrupulously cites to Bakambia's complaint and exhibits in explaining its reasoning. To the extent that Bakambia has identified stray errors in the R&R's citations to the sprawling record, the Court finds that none of those errors affect the soundness of the R&R's substantive analysis.

The remainder of Bakambia's objections range from the frivolous to the incomprehensible. For example, Judge Schultz clearly applied the correct legal standards with respect to excessive force, aiding-and-abetting liability, and pleading under the Federal Rules of Civil Procedure. The Court also has already concluded that Bakambia's arguments for Judge Schultz's recusal are meritless, *see* ECF No. 164, and that sovereign immunity blocks official-capacity claims for violations of the Minnesota Government Data Practices Act, *see* ECF No. 58. And Bakambia suffered no prejudice from Judge Schultz's decision to vacate his earlier R&R, *see* ECF Nos. 135, 148, as Bakambia received notice of and opportunity to object to the revised (and operative) R&R. In fact, Bakambia made 35 numbered objections in a document that spanned 34 pages. *See* ECF No. 171.

Judge Schultz made one inconsequential error, however, when he denied as moot Bakambia's motion for a TRO and PI. A motion for a TRO or PI is considered dispositive, and such a motion should be addressed in an R&R, not an order. Insofar as

Judge Schultz's order addresses Bakambia's motion for a TRO and PI, the Court treats the order as a recommendation that the motion be denied and adopts that recommendation.[2]

The Court also notes that Bakambia's motion for appointment of appellate counsel has been rendered moot by the Eighth Circuit's dismissal of his appeal for lack of jurisdiction. *See* ECF No. 163.

Finally, while dismissal for insufficient pleading is typically done without prejudice, the Court agrees with Judge Schultz that Bakambia's claims should be dismissed with prejudice. Bakambia has had since November 2022 (when he originally filed this action) to plead facts sufficient to establish a claim for relief, and despite amending once as of right, he has still failed to do so. Moreover, Judge Schultz correctly denied Bakambia's motion for leave to amend based on the futility of his proposed second amended complaint. In short, Bakambia has made clear that he is unable to plead viable claims in this matter. Dismissal with prejudice is thus warranted. *See Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021) ("It is well settled that a district court may dismiss a complaint with prejudice under Rule 12(b)(6) when amendment of a complaint would be futile.") (citation omitted).

---

[2]Bakambia also filed a second motion for a TRO, preliminary injunction, and order to show cause on February 12, 2024. *See* ECF No. 178. Because Bakambia filed this motion in violation of the filing restriction Judge Schultz has imposed in this case, *see* ECF No. 132, the Court will deny it.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The Order and Report and Recommendation [ECF No. 157] are AFFIRMED and ADOPTED.

2. Plaintiff's objection [ECF No. 171] is OVERRULED.

3. Defendants' motions to dismiss [ECF Nos. 70, 75, 91] are GRANTED. Plaintiff's amended complaint [ECF No. 18] is DISMISSED WITH PREJUDICE.

4. Plaintiff's motion for certification of class action [ECF No. 104] is DENIED.

5. Plaintiff's motion for a temporary restraining order, preliminary injunction, and order to show cause [ECF No. 123] is DENIED AS MOOT.

6. Plaintiff's second motion for a temporary restraining order, preliminary injunction, and order to show cause [ECF No. 178] is DENIED.

7. Plaintiff's motion for appointment of counsel on appeal [ECF No. 140] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 14, 2024                s/Patrick J. Schiltz
                                         Patrick J. Schiltz, Chief Judge
                                         United States District Court